UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDILANYI MABELL SURIEL MONTE DE OCA, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED EMPLOYEES OF ZERO LOUNGE RESTAURANT, INC., | Index No.: _____/2020 |
| Plaintiff, | COMPLAINT |
| -against- | DEMAND IS RESPECTFULLY MADE FOR TRIAL BY JURY OF ALL CLAIMS |
| AGAPITO DELA CRUZ; DOMINGO ESPINAL; LUISA MARTINEZ; MIGUEL ACOSTA, JR.; ZERO LOUNGE RESTAURANT, INC d/b/a "O'SIDE RESTAURANT & LOUNGE"; JOHN DOE 1 – 10 (being fictitiously named individuals whose identities are not yet known); and ABC CORP's. 1 – 5 (being fictitiously named corporate entities whose identities are not yet known); | |
| Defendants. | |

Plaintiff EDILANYI MABELL SURIEL MONTE DE OCA, (hereinafter, "Plaintiff"), on behalf of herself and other similarly situated, by and through her attorneys in this action, The Law Offices of Heriberto J. Rodriguez, PLLC, hereby alleges and asserts by way of this Complaint against defendants AGAPITO DELA CRUZ; DOMINGO ESPINAL; LUISA MARTINEZ, JR.; ZERO LOUNGE RESTAURANT, INC d/b/a "O'SIDE RESTAURANT & LOUNGE"; JOHN DOE 1 – 10 (being fictitiously named individuals whose identities are not yet known); and ABC CORP's. 1 – 5 (being fictitiously named corporate entities whose identities are not yet known); and each of them, as follows:

## INTRODUCTION

1.      The claims and causes of action by Plaintiffs described herein seek relief, including compensatory and punitive damages, unpaid wages, and other legal relief, on her own behalf and on behalf of other similarly situated individuals whose rights have been violated and who have

been damaged by defendants' conduct in violation of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq.*, New York Labor Law (including the New York Wage Theft Prevention Act), New York Labor Law §§ 195 *et seq.*, and 650 *et seq.,* arising out of Defendants' various willful and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of FLSA and NYLL by engaging in on-going patterns of conduct and continuing practices of failing to pay their employees, including Plaintiff, legally-mandated wages consisting of: (a) the legally-mandated minimum wage for each hour worked; (b) legally-mandated overtime compensation for all each hours workover a total of forty (40) hours in a single workweek; and/or (c) the legally-mandated minimum wage for an extra one (1) hour of work on each day when Plaintiff worked a spread of hours exceeded ten (10) hours.

3.      Upon information and belief, Defendants, and each of them, have moreover compelled Plaintiff and other similarly-situated employees to work under unlawful and abusive conditions in violation of applicable legal standards, including NYLL and FLSA.  This includes often refusing to permit Plaintiff and other similarly-situated employees to take any breaks and/or refusing to permit Plaintiff and other similarly-situated employees to take breaks consistent with minimum legally-mandated durations during their scheduled shifts; and refusing to permit Plaintiff and other similarly-situated employees to take bathroom breaks without financial penalty.

4.      Finally, Defendants' unlawful conduct compelled Plaintiff to remain present at her place of work or face termination, and Plaintiff was compelled to either purchase food and beverage from Defendants or work shifts in excess of eight (8) hours without any sustenance. Thus, when or if Plaintiff was permitted to take a meal break, Defendants and each of them

required her to purchase and only consume food and beverages purchased from Zero Lounge Restaurant, Inc., as a condition of taking such breaks.

5.      Plaintiff is entitled pursuant to FLSA to recover from Defendants and each of them: (1) unpaid minimum wage and unpaid overtime wages allocable to each hour of work she has performed as Defendants' employee from October 26, 2017, to and through the present; (2) liquidated statutory damages; (3) prejudgment and post-judgment interest; and (4) punitive damages as authorized by statute; and (5) attorney's fees, costs and disbursements, as also authorized by statute.

6.      Plaintiff is further entitled pursuant to NYLL § 650 *et seq.* and 12 New York Codes, Rules and Regulations ("NYCRR") § 146 *et seq.* ("NYCRR") to recover from Defendants and each of them: (1) unpaid minimum wage compensation and unpaid overtime compensation; (2) damages as authorized by statute for Defendants' failure and refusal to provide for meal breaks during shifts Plaintiff worked; (3) up to Five Thousand Dollars ($5,000.00) for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday; (4) Five Thousand Dollars ($5,000.00) for Defendants' failure to provide paystubs that accurately and truthfully listed employee's hours along with employee's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage employee was legally entitled to be paid, and employee's gross and net wages for each day in each pay period preceding each pay day; (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread-of-hours" premium, unpaid overtime in the amount of one hundred percent (100%) under NYLL § 190 *et seq.* and § 650 *et seq*, for work after April 9, 2011, under WTPA; (6) simple prejudgment interest under NYLL at

the rate of 9% per annum; (7) post-judgment interest; and (8) attorney's fees, costs, disbursements, and expenses of suit.

7.      Insofar as the individually named Defendants herein are each, upon information and belief, executives, shareholders, directors or managers who exercised control over the conduct of the corporate parties, each such Defendant is <u>not</u> protected by any fiduciary shield or corporate veil. Judgment accordingly is demanded against each individually-named natural person identified herein as a defendants <u>personally</u> based on joint and several liability for the conduct described herein, together with all relief authorized by statute or otherwise granted by the within Court.

## <u>JURISDICTION AND VENUE</u>

8.      This Court has original federal question jurisdiction over Plaintiff's claims and the instant controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9.      This Court has supplemental subject-matter jurisdiction over Plaintiff's claims under State law pursuant to 28 U.S.C. § 1367(a).

10.      Venue of this action in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants regularly conduct business in this District and the acts and omissions giving rise to the claims herein occurred in this District.

11.      This Court has personal jurisdiction over each Defendant who is a natural person named herein pursuant to Section 301 and/or 302 of the New York Civil Practice Law and Rules, ("CPLR"), because upon information and belief: (a) each such Defendant had or has an actual domicile in the State of New York; (b) is actually located in the State of New York and (c) engaged and continues to engage in a continuous course of conduct in the State of New York that resulted in damage to Plaintiff as described herein.

12.     This Court has personal jurisdiction over defendant ZERO LOUNGE RESTAURANT INC., d/b/a "O'SIDE RESTAURANT & LOUNGE" (hereinafter, "Zero Lounge"), because this corporate entity was organized and existing pursuant to the law of the State of New York, maintains its principal office and place of business in the State of New York, and accordingly is deemed a resident of the State of New York, and this Court accordingly may assert jurisdiction over it pursuant to Section 301 of the CPLR.

## THE PARTIES

13.     Defendant ZERO LOUNGE RESTAURANT, INC., d/b/a "O'SIDE RESTAURANT & LOUNGE", ("Zero Lounge"), is a business corporation organized and existing pursuant to the law of the State of New York that maintains its principal place of business at 1472 Ogden Avenue, Bronx, NY 10562.

14.     Zero Lounge is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

15.     Zero Lounge employed Plaintiff from a date on or about October 26, 2017 to and through November 11, 2019.

16.     From 2017 to and through the present, Zero Lounge purchased and handled goods moved in interstate commerce.

17.     From on or about October 26, 2017, to and through a date no earlier than November 11, 2019, Plaintiff EDILANYI MABELL SURIEL MONTE DE OCA, (hereinafter, "Plaintiff"), was employed by Defendants to work as a waitress at a restaurant known as the "Zero Lounge" located at 1472 Ogden Avenue, Bronx, NY 10452.

18.     The Individual Defendants herein are officers, directors, managers and/or majority shareholders, owners, or individuals who otherwise exercised control over the employment

practices of Zero Lounge prior to and while Plaintiff was employed by Zero Lounge, and, as such, are individually responsible and personally liable under New York Business Corporation Law Section 630(a) for unpaid wages.

19.     As detailed below, during the aforesaid period Plaintiff did provide labor and services as an employee of Defendants at the aforesaid establishment.

20.     Defendant AGAPITO DELA CRUZ a/k/a AGAPITO DE LA CRUZ a/k/a "AGAPITO CRUZ", ("Cruz"), is a natural person who was and is upon information and belief an executive officer, manager, owners, shareholder, principal or individual who otherwise exercised control over the operations, business practices, and employment practices of Zero Lounge during the period of time Plaintiff was an employee, who is also one of the ten shareholders with the largest ownership interest in Zero Lounge, who currently resides, upon information and belief, at 551 Overlook Place, Englewood, New Jersey 07631.

21.     Cruz: (a) had the power to hire and fire employees of Zero Lounge, including Plaintiff herein; (b) supervised and controlled employee work schedules of employees, including Plaintiff herein; (c) supervised and controlled conditions of employment for employees including Plaintiff herein; (d) determined the rate and method of payment of employees, including Plaintiff herein; and (e) had authority to and did maintain employee such employment records as Zero Lounge did maintain for its employees, including Plaintiff herein.

22.     Cruz acted intentionally and maliciously at all times relevant to the matters set forth herein and was an "employer" pursuant to FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2, and the regulations promulgated thereunder, and is jointly and severally liable with Zero Lounge for all unlawful employment practices described herein.

23.    Defendant DOMINGO ESPINAL, ("Espinal"), is a natural person who was and remains *inter alia* listed as one of the two (2) liquor license principals of the Zero Lounge with the New York State Liquor Authority, Division of Alcoholic Beverage Control, with concomitant responsibility for Zero Lounge's compliance with New York State and City laws and regulations applicable to Zero Lounge's license to engage in the on-premises sale of liquor.  Upon information and belief, Espinal was and remains an executive officer, manager, owner, shareholder, principal or individual who otherwise exercised control over the operations, business practices and employment practices of Zero Lounge during the period of time Plaintiff was an employee, who is also one of the ten shareholders with the largest ownership interest in Zero Lounge.

24.    Espinal: (a) had the power to hire and fire employees of Zero Lounge, including Plaintiff herein; (b) supervised and controlled employee work schedules of employees, including Plaintiff herein; (c) supervised and controlled conditions of employment for employees including Plaintiff herein; (d) determined the rate and method of payment of employees, including Plaintiff herein; and (e) had authority to and did maintain employee such employment records as Zero Lounge did maintain for its employees, including Plaintiff herein.

25.    Espinal acted intentionally and maliciously at all times relevant to the matters set forth herein and was an "employer" pursuant to FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2, and the regulations promulgated thereunder, and is jointly and severally liable with Zero Lounge for all unlawful employment practices described herein.

26.    Defendant LUISA MARTINEZ, ("Martinez"), is a natural person who was and remains *inter alia* listed as one of the two (2) liquor license principals of the Zero Lounge with the New York State Liquor Authority, Division of Alcoholic Beverage Control, with concomitant

responsibility for Zero Lounge's compliance with New York State and City laws and regulations applicable to Zero Lounge's license to engage in the on-premises sale of liquor. Upon information and belief, Martinez was and remains an executive officer, manager, owner, shareholder, principal or individual who otherwise exercised control over the operations, business practices and employment practices of Zero Lounge during the period of time Plaintiff was an employee, and who is also one of the ten shareholders with the largest ownership interest in Zero Lounge.

27. Martinez: (a) had the power to hire and fire employees of Zero Lounge, including Plaintiff herein; (b) supervised and controlled employee work schedules of employees, including Plaintiff herein; (c) supervised and controlled conditions of employment for employees including Plaintiff herein; (d) determined the rate and method of payment of employees, including Plaintiff herein; and (e) had authority to and did maintain employee such employment records as Zero Lounge did maintain for its employees, including Plaintiff herein.

28. Martinez acted intentionally and maliciously at all times relevant to the matters set forth herein and was an "employer" pursuant to FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2, and the regulations promulgated thereunder, and is jointly and severally liable with Zero Lounge for all unlawful employment practices described herein.

29. Defendant MIGUEL ACOSTA, JR.("Acosta"), is a natural person who was and remains inter alia an individual authorized to act on behalf of Zero Lounge as a shareholder, executive officer, manager, owner, principal or individual who otherwise exercised control over the operations, business practices and employments practices of Zero Lounge during the period of time Plaintiff was an employee.

30.     Acosta: (a) had the power to hire and fire employees of Zero Lounge, including Plaintiff herein; (b) supervised and controlled employee work schedules of employees, including Plaintiff herein; (c) supervised and controlled conditions of employment for employees including Plaintiff herein; (d) determined the rate and method of payment of employees, including Plaintiff herein; and (e) had authority to and did maintain employee such employment records as Zero Lounge did maintain for its employees, including Plaintiff herein, and who is also one of the ten shareholders with the largest ownership interest in Zero Lounge.

31.     Acosta acted intentionally and maliciously at all times relevant to the matters set forth herein and was an "employer" pursuant to FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2, and the regulations promulgated thereunder, and is jointly and severally liable with Zero Lounge for all unlawful employment practices described herein.

32.     JOHN DOE 1-10 are individuals fictitiously named herein whose identities are not presently known who also exercised control over the employment practices, work schedules, payment dates, method and amount of payment, and hiring practices of Zero Lounge while Plaintiff was an employee, and who is also one of the ten shareholders with the largest ownership interest in Zero Lounge, who are also individually, jointly and severally liable for the unlawful practices of Zero Lounge described herein.

33.     ABC CORP's 1-5 are corporate entities fictitiously named herein whose identities are not presently known who also exercised control over the employment practices, work schedules, payment dates, method and amount of payment, and hiring practices of Zero Lounge while Plaintiff was an employee who are individually, jointly and severally liable for the unlawful practices of Zero Lounge described herein.

34.    Cruz, Espinal, Acosta, and Martinez, ("the Individual Defendants"), and Zero Lounge are each employers of Plaintiff within the meaning of FLSA and NYLL.

**STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION**

35.    At all relevant times herein, Zero Lounge was and continues upon information and belief to be an "enterprise engaged in commerce" within the meaning of FLSA.

36.    At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Zero Lounge and the Individual Defendants.

37.    On any given evening, no fewer than thirty (30) persons work at Zero Lounge, including kitchen staff, servers, manager on duty, bartenders, dishwashers, security/door personnel, and miscellaneous cleaning staff, "bussing" staff and miscellaneous assistants.

38.    Defendants intentionally, knowingly and willfully violated Plaintiff's rights under FLSA and NYLL by paying her less than the minimum required by law.

39.    Defendants required Plaintiff to work without any pay whatsoever other than such tips as she could obtain as compensation from Zero Lounge's customers.

40.    At no time did Defendants inform Plaintiff that they intended to claim a credit for tips Plaintiff received towards the wages Defendants otherwise would pay her.

41.    At no time did Defendants inform Plaintiff that she was legally entitled to earn a minimum wage, notwithstanding her position as a waitress.

42.    Defendants intentionally, malicious, and knowingly attempted to conceal from Plaintiff her right to earn a minimum wage protected by law.

43.    Pursuant to NYCC Part 146-2.2 and 29 U.S.C. § 203(m), employers, such as Zero Lounge and the Individual Defendants herein, cannot take a credit towards the basic minimum

wage if a service employee or food service worker, such as a waitress, has not received notification of the tip credit.

44.      At all relevant times from the date Plaintiff began to be employed by Defendants until the date her employment ceased, Defendants knowingly and willfully failed to pay Plaintiff and/or compensate her in any manner at least the New York minimum wage for each hour she worked.

45.      To the contrary, wait staff and numerous other employees at Zero Lounge were not paid any base wages at all, even if their tips did not exceed the Federal and New York minimum wages.

46.      On numerous weeks during the period she was an employee of Defendants, Plaintiff worked over forty (40) hours in a given workweek.

47.      Defendants knowingly and willfully failed to pay Plaintiff lawful overtime compensation of at least one and one-half (1.5x) the minimum regular pay required by law, namely, the New York or federal minimum wage, for hours worked by Plaintiff in excess of forty (40) in a given workweek.

48.      While employed by Defendants, Plaintiff was never an exempt under federal and/or State law from being entitled to receive overtime pay and compensation.

49.      Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

50.      Upon information and belief, Defendants deliberately failed to keep full and accurate records in order to mitigate their potential liability for their wage violations.

51.      At all relevant times, Defendants and each of them knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice in writing reflecting true rates of pay and payday as well as paystubs that listed the employee's name, the employer's

name, employer's address and telephone number, employee's rate of pay, any deductions made from employee's wages, any allowances claimed as a part of the minimum wage, and the employee's gross and net wages for each pay period and pay day.

52.    During the period of time Plaintiff was employed by Defendant, Plaintiff often worked a total number of hours in a given day in excess of ten (10)hours, for example, distributed throughout the day before, during and after the times when business rushes tended to occur.

53.    At no time did Defendants compensate Plaintiff as required by law by paying her an extra hour of compensation on those days when her "spread of hours" exceeded ten (10) hours.

54.    At no time did Defendants post the required New York State Department of Labor posters regarding minimum wage pay, overtime pay, tip and credit and pay day, in English and/or any other language.

55.    Plaintiff was employed by Zero Lounge at the restaurant located at 1472 Ogden Avenue, Bronx, NY, from October 26, 2017, to and through November 11, 2019,

56.    During the period time she was so employed, Plaintiff typically worked six (6) days every week, Monday through Saturday, most typically starting at 8:00 PM and working to and through approximately 5:00 AM.  On numerous occasions, however, Plaintiff was ordered to report early and/or work late.

57.    At no time did Plaintiff have a regular meal break or rest breaks, and she was "on call" during those times when she attempted to take a break to eat a meal or rest.

58.    In total, Plaintiff worked between 45 and 60 hours per week with an average work week of 49.5 (forty-nine point five) hours.

59.     From the date Plaintiff started working at Zero Lounge to and through the date her employment was terminated, Plaintiff was not paid by Zero Lounge but instead was forced to rely on gratuities from customers.

60.     At no time was Plaintiff ever paid overtime for working in excess of forty (40) hours per week.

61.     At no time was Plaintiff ever compensated for working a spread of hours in excess of ten (10) hours in any given work day as required by New York law.

62.     Throughout his employment, Plaintiff was required to contribute his tips towards a tip pool.

63.     Upon information and belief, a portion of the tip pool was retained by Defendants.

64.     At no time during his employment was Plaintiff ever given a statement documenting payment of wages to him setting forth her name, any deductions made from her pay, any allowances claimed as part of the minimum wage, her gross and net wages for each day in English and/or Spanish, Plaintiff's native language.

## <u>COUNT I</u>
**(Violation of Fair Labor Standards Act – Failure to Pay Minimum Wage/Unpaid Wages)**

65.     Plaintiff reiterates and re-alleges each preceding paragraph and incorporates same by reference herein as though more fully set forth at length herein.

66.     At all relevant times, Defendants and each of them had a policy and practice of refusing to pay Plaintiff in full for some or all of the hours they worked.

67.     FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wages and an additional amount as liquidated damages.

68.     Defendants and each of them knowingly and willfully disregarded the provisions of FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage when they and each of them knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT II
### (Violation of New York Labor Law – Failure to Pay Minimum Wage/Unpaid Wages)

69.     Plaintiff reiterates and re-alleges each preceding paragraph and incorporates same by reference herein as though more fully set forth at length herein.

70.     At all relevant times alleged herein, Plaintiff was employed by Defendants within the meaning of New York Labor Law Sections 2 and 651.

71.     At all relevant times alleged herein, Defendants maintained a policy and practice of refusing to pay Plaintiff in full for the hours she worked.

72.     Defendants and each of them knowingly and willfully violated Plaintiff's rights by failing to pay her minimum wages in the lawful amount for the hours that she worked.

73.     New York Labor Law Sections 190 and 650 establish that an employer who fails to pay an employee the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent ((100%) of the shortfall, plus interest at the statutory rate, pursuant to the New York Wage Theft Prevention Act.

## COUNT III
### (Violations of the Fair Labor Standards Act – Failure to Pay Overtime)

74.     Plaintiff reiterates and re-alleges each preceding paragraph and incorporates same by reference herein as though more fully set forth at length herein.

75.     The FLSA requires that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she is ordinarily compensated for her employment, or one and one-half times the minimum wage, whichever is greater.  29 U.S.C. § 207(a).

76.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207shall be liable to the employee(s) affected in the amount of their unpaid overtime compensation along with additional liquidated damages in an equal amount.  29 U.S.C. § 29 U.S.C. 216(b).

77.     Defendants failure and refusal to pay Plaintiff overtime pay for those hours she worked in excess of forty (40) hours in any single given week violated FLSA.

78.     At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek violated and continues to violate FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

79.     The FLSA and supporting regulations require employers to notify employees of the minimum wage and other requirements mandated by law.  29 C.F.R. § 516.4.

80.     At no time did Defendants notify Plaintiff of her rights under FLSA and the regulations promulgated thereunder.

81.     Defendants willfully failed to notify Plaintiff of the requirements of the employment law, including FLSA, in order to facilitate their exploitation of Plaintiff's labor.

82.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) hours per week when they knew or should have known such compensation was mandated and owed to Plaintiff by law and that failing to do so would financially injure Plaintiff.

## COUNT IV
### (Violation of New York Labor Law – Failure to Pay Overtime)

83.     Plaintiff reiterates and re-alleges each preceding paragraph and incorporates same by reference herein as though more fully set forth at length herein.

84.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay overtime is liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of such underpayments that occur after April 9, 2011, together with interest.

85.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff at one and one half the minimum hourly wage and rate Plaintiff was entitled to by law.

86.     Defendants' failure to pay Plaintiff her overtime pay violated NYLL, in particular, the New York Wage Theft Prevention Act.

87.     Defendants lacked any good-faith basis for their refusal to pay Plaintiff at the minimum overtime rate mandated by law for those hours she worked in excess of forty (40)

## COUNT V
### (Illegal Tip Retention in Violation of NYLL)

88.     Plaintiff reiterates and re-alleges each preceding paragraph and incorporates same by reference herein as though more fully set forth at length herein.

89.     Section 196-d of the New York Labor Law prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.

90.     A tip is the sole property of the tipped employee regardless of whether the employer take a tip credit following express written notice by the employer of an intent to count tips and

gratuities as credits towards the employer's obligation to compensate the employee the minimum hourly wage mandated by FLSA and NYLL.

91.     NYLL prohibits any arrangement between the employer and the tipped employee pursuant to which any part of the tip received becomes the property of the employer.

92.     FLSA renders it unlawful for an employer to retain portions of the tips conferred by customers on employees or using some or all of those tips to pay non-tipped employees.

93.     Pursuant to regulations promulgated pursuant to NYLL, New York Department of Labor Regulations Section 146-2.18, N.Y.C.R.R. Title 12, all charges imposed and payments tendered by customers in addition to base charges for food, beverage, lodging and other specified enumerated materials or services, including but not limited to any charge for "service" or "food service", is presumed to be a gratuity absent clear and convincing evidence to the contrary.

94.     Defendants and each of them unlawfully retained tips earned by Plaintiff in violation of the aforesaid provisions of NYLL, causing Plaintiff financial damage.

## <u>COUNT VI</u>
### (Violation of NY Labor Law – Spread of Time Pay)

95.     Plaintiff reiterates and re-alleges each preceding paragraph and incorporates same by reference herein as though more fully set forth at length herein.

96.     NYLL requires employers to pay an extra hour's pay to an employee for every day that an employee works cumulative hours in excess of ten (10) hours pursuant to NYLL §§ 190 and 650 and New York State Department of Labor Regulation, 12 N.Y.C.R.R. § 146-1.6.

97.     Defendants and each of them failed and refused to pay Plaintiff the aforesaid legally-mandated premium allocable to the shifts that she worked aggregate hours in excess of ten (10) hours.

98.     Defendants' refusal and failure to pay Plaintiff spread-of-hours pay lacked any good-faith basis.

## COUNT VII
### (Violation of New York Labor Law – Failure to Provide Meal Breaks)

99.     Plaintiff reiterates and re-alleges each preceding paragraph and incorporates same by reference herein as though more fully set forth at length herein.

100.    NYLL requires that employers provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six (6) hours extending over the noon day meal period from 11:00 AM to 2 p.m.; an additional meal period between 5:00 pm and 7:00 p.m. of at least twenty (20) minutes for employees whose shift started before 11:00 A.M. and continues later than 7:00 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six (6) hours and starts between 1:00 pm and 6:00 A.M.  *See* N.Y.L.L. § 162.

101.    Defendants failed to provide or permit Plaintiff to take meal period breaks as required by NYLL Section 162 every day plaintiff worked.

102.    Defendants failed to obtain permission from the Department of Labor to permit shorter meal breaks than those otherwise required by NYLL, and failed, as required, to post such written permission in a conspicuous manner in the main entrance of Defendants' place of business.

103.    Defendants' refusal and failure to provide the meal periods required by NYLL Section 162 was not in good faith.

## COUNT VIII
### (Violation of NY Labor Law – Failure to Keep Records)

104.    Plaintiff reiterates and re-alleges each preceding paragraph and incorporates same by reference herein as though more fully set forth at length herein.

105.     Defendants failed to maintain, establish, and/or preserve Plaintiff's weekly payroll records for a period of not less than six (6) years, as required by Department of Labor Regulations Section 146-2.1, N.Y.C.R.R. Title 12.

106.     As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earnings, in an amount to be established at trial, and is moreover entitled to recover liquidated damages, pre-judgment interest, costs and attorney's fees, pursuant to State law.

107.     Upon information and belief, Defendants and each of them deliberately failed to maintain adequate and/or accurate written or other records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

108.     Defendants' failure to maintain adequate and accurate written or other records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT IX
### (Violation of New York Labor Law – Failure to Provide Time of Hire Wage Notice)

109.     Plaintiff reiterates and re-alleges each preceding paragraph and incorporates same by reference herein as though more fully set forth at length herein.

110.     NYLL and the regulations promulgated pursuant to NYLL require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  N.Y. Lab. Law § 195-1(a).

111.     Defendants intentional failed to provide notice to employees in violation of New York Labor Section 195, which requires all employers to provide written notice in the employee's

primary language no later than ten (10) days after the date of hire setting forth the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime.

112.     Defendants not only failed and refused to provide such written notice to Plaintiff and/or any other employee at Zero Lounge at or within ten (10) days of their date of hire, but failed and refused to ever provide such notice at any subsequent time to and through the present, upon information and belief.

113.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs, expenses and attorney's fees pursuant to New York Labor Law Section 198(1-b).

### COUNT X
(Violation of New York Labor Law – Failure to Provide Wage Statements)

114.     Plaintiff reiterates and re-alleges each preceding paragraph and incorporates same by reference herein as though more fully set forth at length herein.

115.     NYLL and its supporting regulations require employers to provide detailed paystub or other written information to each employee every payday. *See* N.Y. Lab. Law § 195-1(d).

116.     Defendants have failed to make a good-faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff and did not provide paystub or other written disclosure on or after Plaintiff's payday(s).

117.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to Five Thousand Dollars ($5,000.0) together with costs, expenses and attorney's fees pursuant to New York Labor Law Section 198(1-d).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff EDILANYI MABELL SURIEL MONTE DE OCA respectfully requests that this Court enter judgment in her favor and against Defendants and each of them, jointly and severally, as follows:

A.    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

B.    An injunction against Zero Lounge, ifs officers, agents, successors, employees, representatives and any and all persons actin gin concert with them, as provided by law, from engaging in each of the aforesaid unlawful practices and policies henceforward;

C.    Awarding Plaintiff unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due to her plus compensatory and liquidated damages in the amount of one hundred percent (100%) of such unpaid wages pursuant to the New York Wage Theft Prevention Act;

D.    Awarding Plaintiff liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least equal to the hourly minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

E.    Up to Five Thousand Dollars ($5,000.00) to Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing her rate of pay, payday, and related information mandated by law;

F.    Up to Five Thousand Dollars ($5,000.00) to Plaintiff for Defendants' failure to provide paystubs that listed employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

G.    Awarding to Plaintiff liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and "spread of hours" premium pay as required by New York Labor Law;

H.    Awarding Plaintiff costs and expenses of this action, together with reasonable attorney's fees and any expert fees pursuant to 29 U.S.C. § 216(b) and NY Lab Law § 198 and 663;

I.    Awarding costs and disbursements of this action;

J.      Awarding prejudgment and post-judgment interest;

K.      Declaring that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of the monetary award of any judgment granted to Plaintiff shall increase by Fifteen Percent (15%), as required by N.Y. Lab Law § 198(4); and

L.      Granting such other, further and different relief as the Court deems just and proper.

Dated:  Bronx, NY
        October 9, 2020

                                        LAW OFFICES OF HERIBERTO J. RODRIGUEZ, PLLC
                                        By:
                                                William H. Grae, Esq.
                                                Of Counsel
                                        1410 White Plains Rd
                                        Bronx, NY 10462
                                        (718) 792-7100
                                        Attorney@bx-ny.com and WH@Grae.law