UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                :
EDILANYI MABELL SURIEL MONTE DE  :
OCA, et al.,                                          :
                                                :
                                Plaintiffs,     :                20-CV-8442 (VSB)
                                                :
              - against -                       :                **OPINION & ORDER**
                                                :
                                                :
AGAPITO DELA CRUZ, et al.,             :
                                                :
                                Defendants.  :
                                                :
------------------------------------------------------------X

Appearances:

William Henry Grae
Law Office of W.H. Grae
Ridgewood, NJ
*Counsel for Plaintiff*

VERNON S. BRODERICK, United States District Judge:

       On October 9, 2020, Plaintiff Edilanyi Mabell Suriel Monte De Oca ("Plaintiff" or "Suriel") brought a putative class action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), New York Labor Law §§ 195 *et seq.*, and 650 *et seq.*, against Defendants Agapito Dela Cruz ("Cruz"), Domingo Espinal ("Espinal"), Luisa Martinez ("Martinez"), Miguel Acosta, Jr. ("Acosta"), Zero Lounge Restaurant d/b/a O'Side Restaurant & Lounge ("Zero Lounge Restaurant") (together, "Defendants"), and John Does 1–10 and ABC Corporations 1–5 ("ABC"). Suriel served Zero Lounge Restaurant, Cruz, Martinez, and Espinal (together, the "Defaulting Defendants") with the Summons and Complaint, (Docs. 24, 25, 29, 47, 51),[1] but Defaulting Defendants failed to answer or respond, or

---

[1] Plaintiff never served Defendant Acosta with the Summons and Complaint. On May 28, 2021, I directed Suriel to

otherwise appear in the action. After Defaulting Defendants likewise failed to appear at an April 22, 2021 hearing to show cause why a default judgment should not be entered, I entered a default judgment in favor of Suriel and referred the case to Magistrate Judge Sarah L. Cave for an inquest on damages and attorneys' fees. (Docs. 61 & 62.) On July 26, 2021, after I had already entered a default judgment, Renzo A. Hernandez Martinez and Juan B. Liz Rosario both filed notices that they consented to be plaintiffs in the action. (Docs. 69 & 70) (together, the "Opt-in Plaintiffs").

On January 10, 2022, Judge Cave issued a thorough, 40-page Report and Recommendation, recommending that:

(1) Suriel be awarded $187,494.00 in damages against the Defaulting Defendants, comprised on the following: (i) $58,297.00 in unpaid minimum wages; (ii) $30,450.00 in unpaid overtime wages; (iii) $88,747.00 in liquidated damages; and (iv) $10,000.00 in statutory damages;

(2) Suriel be awarded $22,126.63 in pre-judgment interest;

(3) Suriel be awarded post-judgment interest pursuant to 28 U.S.C. § 1961;

(4) Suriel be awarded attorneys' fees in the amount of $62,498.00 and costs in the amount of $400.00;

(5) Suriel's claims against Acosta be DISMISSED without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b); and

(6) The Opt-in Plaintiffs' requests for damages, attorneys' fees, and costs be denied, and that the Opt-in Plaintiffs be DISMISSED without prejudice.

(Doc. 86.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district

---

inform me whether she was dismissing Acosta from the action. (Doc. 66.) Plaintiff never responded.

court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report and Recommendation explicitly provided that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections" and "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**," (Doc. 86, at 40), neither party filed an objection or sought additional time to file an objection.[2] I have reviewed Judge Cave's thorough and well-reasoned Report and Recommendation for clear error and, after careful review, find none. I therefore adopt the Report and Recommendation in its entirety.

The Clerk's Office is respectfully directed to terminate any open motions, to enter judgment in accordance with this Order, and to close this case.

SO ORDERED.

Dated: May 31, 2022
      New York, New York

                                      Vernon S. Broderick
                                      United States District Judge

---

[2] Plaintiff served the Report and Recommendation on Defaulting Defendants on February 2, 2022. (Docs. 88–91.)